# EXHIBIT 2

| CASE ATTACHMENT COVER PAGE | (ENDORSED)<br>**ELECTRONICALLY**<br>**FILED** |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO<br>STREET ADDRESS: 247 West Third Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Bernardino, CA 92415<br>BRANCH NAME: San Bernardino Justice Center<br>WEBSITE: http://www.sb-court.org | BY SUPERIOR COURT<br>OF CALIFORNIA, COUNTY OF<br>**San Bernardino**<br>on **Jun 13, 2019**<br>*CLERK OF THE SUPERIOR COURT*<br>*Deputy Clerk:* Samantha Neubauer |
| ATTACHMENT NAME: **Answer: Defendant Swift Transportation Co. of Arizona, LLC's Answer to Plaintiff's First Amended Complaint** | |
| CASE NAME: **Rene E. Maphumulo vs. Hugh William McEntyer, et al.** | CASE NUMBER:<br>CIVDS1908623 |
| Please log on to www.TurboCourt.com regularly for updates | |

Please staple this to your original attachment

http://turbocourt.com/

**SNYDER BURNETT EGERER, LLP**
Barry Clifford Snyder (SB# 62844)
Evan R. McDonough (SB# 311101)
5383 Hollister Avenue, Suite 240
Santa Barbara, California 93111
Telephone No.: 805.692.2800
Facsimile No.: 805.692.2801
bsnyder@sbelaw.com
emcdonough@sbelaw.com

Attorneys for Defendant SWIFT TRANSPORTATION CO. OF ARIZONA, LLC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| RENE E. MAPHUMULO, an individual, | Case No. CIVDS1908623 |
| Plaintiff, | Hon. Keith D. Davis, Department S25 |
| v. | |
| HUGH WILLIAM MCENTYER; KNIGHT-SWIFT TRANSPORTATION HOLDINGS, INC.; SWIFT LEASING CO., LLC; SWIFT TRANSPORTATION CO., INC.; SWIFT TRANSPORTATION CO. OF ARIZONA, LLC; SWIFT TRANSPORTATION; SWIFT TRANSPORATION SERVICES, LLC; and DOES 1 through 10, Inclusive, | **DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT**<br><br>[Complaint filed: March 22, 2019] |
| Defendants. | |

Defendant SWIFT TRANSPORTATION CO. OF ARIZONA, LLC for itself and no other defendants, answers plaintiff's unverified Complaint, and hereby admits, denies, avers, and alleges as follows:

Pursuant to Section 431.30(d) of the Code of Civil Procedure, this answering defendant denies each and every allegation of the Complaint, and each cause of action and each and every part thereof, including a denial that Plaintiff has been or will be injured or damaged whether in the manner alleged, or in any other manner or sum, or at all.

The following affirmative defenses are asserted on the basis that they are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

1

**DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC'S ANSWER TO**

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1. The Complaint and each and every cause of action therein fail to state facts sufficient to constitute a cause of action against this answering defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2. The Complaint and each and every cause of action therein are barred by the applicable statute(s) of limitations, as set forth in Sections 312-366 of the Code of Civil Procedure.

## THIRD AFFIRMATIVE DEFENSE

### (Comparative Fault)

3. Persons or entities other than this answering defendant were careless and negligent in connection with the matters alleged in the Complaint. Therefore, plaintiff's right of recovery from this answering defendant should be reduced to the extent that the carelessness and negligence of persons and entities other than this answering defendant contributed to plaintiff's injuries or damages, if any.

## FOURTH AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

4. Plaintiff's alleged injuries or damages, if any, were aggravated by plaintiff's failure to use reasonable diligence to mitigate the same.

## FIFTH AFFIRMATIVE DEFENSE

### (Indemnity and Contribution)

5. This answering defendant is entitled to apportionment, indemnity, and/or contribution from any party, person, or entity adjudged to have proximately caused or contributed to plaintiff's alleged injuries or damages, if any.

///

///

///

## SIXTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

6. Plaintiff is barred from recovery in that plaintiff was fully aware of the risks associated with the products, acts, activities, and/or services described in the Complaint, thereby assuming the risk of all injuries or damages that might result.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Duty)

7. The Complaint and each and every cause of action therein is barred by this answering defendant's lack of duty related to the conduct, matters, and events alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

8. Plaintiff has failed to demonstrate his injuries or damages, if any, were proximately caused by the acts and/or omissions of this answering defendant.

## NINTH AFFIRMATIVE DEFENSE

### (Intervening Superseding Cause)

9. To the extent plaintiff has suffered injuries or damages as alleged in the Complaint, said injuries or damages were proximately caused or contributed to by the acts or omissions of plaintiff and/or third parties, which constitute an intervening and superseding cause to the acts and/or omissions of this answering defendant.

## TENTH AFFIRMATIVE DEFENSE

### (Active Conduct)

10. Plaintiff and/or third parties actively and affirmatively participated in the conduct, matters, and events alleged in the Complaint, and the conduct of this answering defendant, if any, was passive, indirect, and secondary, such that plaintiff is barred from any recovery against this answering defendant.

///

///

### ELEVENTH AFFIRMATIVE DEFENSE

**(Release and Discharge)**

11. Plaintiff and/or his agent(s), servant(s), or employee(s), by words, acts, and/or conduct, fully released and discharged this answering defendant from any liability, responsibility or claim of damage of whatever nature arising from the matters alleged in the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

**(Set-Off)**

12. As a result of plaintiff's acts and/or omissions, this answering defendant is entitled to a total or partial offset against plaintiff's injuries or damages, if any.

### THIRTEENTH AFFIRMATIVE DEFENSE

**(Waiver)**

13. Plaintiff and/or his agent(s), servant(s), or employee(s), by words, acts, and/or conduct, expressly or impliedly waived any rights plaintiff may have had against this answering defendant for any relief sought in the Complaint and each and every cause of action therein.

### FOURTEENTH AFFIRMATIVE DEFENSE

**(Estoppel)**

14. Words, acts, and/or conduct by plaintiff and/or his agent(s), servant(s), or employee(s) with respect to the matters alleged in the Complaint estop plaintiff from recovery against this answering defendant.

### FIFTEENTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

15. The Complaint and each and every cause of action therein are barred by the doctrine of unclean hands.

### SIXTEENTH AFFIRMATIVE DEFENSE

**(Laches)**

16. Plaintiff has unreasonably and inexcusably delayed the filing of this action, causing substantial prejudice to this answering defendant, and is therefore barred by the doctrine of laches from recovery against this answering defendant.

WHEREFORE, this answering defendant demands a jury trial and prays for judgment as follows:

1. That Plaintiff takes nothing by reason of the Complaint;
2. For costs incurred herein; and
3. For such other and further relief as this Court may deem just and proper.

Dated: June 13, 2019

SNYDER BURNETT EGERER, LLP

By: Barry C. Snyder / Evan R. McDonough
Attorneys for Defendant SWIFT TRANSPORTATION CO. OF ARIZONA, LLC

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA

I am employed by the firm of Snyder Burnett Egerer, LLP, in the County of Santa Barbara, State of California. I am over the age of 18 and not a party to the within action; my business address is 5383 Hollister Avenue, Suite 240, Santa Barbara, California 93111.

On June 13, 2019 I served the foregoing document(s) described as **DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT** on all parties of record in this action by placing a true and correct copy thereof in a sealed envelope or package addressed as follows:

Matthew L. Taylor  *Attorneys for Plaintiff*
**Law Offices of Matthew L. Taylor**  RENE E. MAPHUMULO
8301 Utica Ave., Suite 201
Rancho Cucamonga, CA 91730
Telephone: 909.989.7774
Facsimile: 909.989.776
Email: matthew.taylor@verizon.net

__X__ I caused such envelope or package with postage thereon fully prepaid to be placed in the United States mail at Santa Barbara, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day from the date of deposit for mailing in the affidavit.

_____ At approximately _____, I served the foregoing document on all parties of record in this action at the fax number(s) designated above, by placing true copies thereof in our office fax machine, fax number 805.692.2801. The transmission was reported as complete and without error by the transmitting fax machine.

_____ I caused such envelope or package to be picked up by a common carrier promising overnight delivery, with charges prepaid, for delivery the next day to the persons identified above.

_____ I caused the foregoing document to be sent to the persons at the electronic notification address(es) designated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on June 13, 2019 at Santa Barbara, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Michelle McCracken*
Michelle McCracken